WELLS FARGO BANK, N.A., solely in its capacity as Trust Administrator, Interpleader–Plaintiff–Appellee,

v.

FINANCIAL SECURITY ASSURANCE INC., aka Assured Guaranty Municipal Corp., Interpleader–Defendant–Cross–Defendant–Appellant,

v.

Cede & Co., as registered Holder of certain Certificates and nominee name of the Depositary Trust Company, Interpleaders–Defendants–Appellees,

Alexander Bakal, David Visher, Esm Management LLC, Esm Fund I, LP, Compass Sav LLC, Compass Offshore Sav Pcc Ltd., Jean David Ittah, Interpleaders–Defendants–Cross–Claimants–Appellees,

Esm Investors Ltd., Orion Partners LLC, Does, 1–100, beneficial owner of certain Certificates, Interpleaders–De-

---

fendants.*

No. 12–0083–cv.

United States Court of Appeals,
Second Circuit.

Dec. 5, 2012.

Adam M. Abensohn (Philippe Z. Selendy, Sanford I. Weisburst on the brief), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, for Interpleader–Defendant–Cross–Defendant–Appellant.

Laura E. Krabill (M. Norman Goldberger on the brief), Ballard Spahr, LLP, Philadelphia, PA, Jarett M. Behar, Sinnreich Kosakoff & Messina LLP, Central Islip, NY, for Interpleaders–Defendants–Cross Claimants–Appellees.

Alexander Bakal, New York, NY, pro se.

* The Clerk of Court is directed to amend the official caption to conform with the above.

David Visher, Malibu, CA, pro se.

PRESENT: DENNY CHIN, CHRISTOPHER F. DRONEY, Circuit Judges, JOHN GLEESON, District Judge.**

## SUMMARY ORDER

Interpleader-defendant-cross-defendant-appellant Financial Security Assurance Inc., AKA Assured Guaranty Municipal Corp. ("Assured"), appeals from the district court's order entered December 13, 2011, implementing its memorandum and order entered March 29, 2011, granting judgment on the pleadings in favor of the interpleaders-defendants-cross-claimants-appellees and against Assured.

On appeal, Assured principally challenges the district court's interpretation of Section 4.02(a)(3) of the Pooling and Servicing Agreement ("PSA"), *i.e.*, the district court's holding that Assured is entitled only to distribution of funds related to its subrogation rights in the certificates it insures, as opposed to reimbursement of all amounts it paid under the Financial Guaranty Insurance Policy (the "Insurance Policy"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of judgment on the pleadings, *Desiano v. Warner–Lambert & Co.*, 467 F.3d 85, 89 (2d Cir.2006), and the district court's interpretation of a contract. *Fishoff v. Coty Inc.*, 634 F.3d 647, 652 (2d Cir.2011).

■ As an initial matter, we reject Assured's argument that the district court erred in considering, in interpreting the PSA, the Prospectus Supplement and other transaction documents related to the PSA. Under New York law, which governs

the PSA, the district court properly considered all writings forming part of a single transaction, *see This Is Me, Inc. v. Taylor*, 157 F.3d 139, 143 (2d Cir.1998), as Assured itself asked the district court to do below.

■ We agree with the district court's conclusion that the PSA unambiguously entitles Assured only to the distribution of funds related to its subrogation rights in the certificates it insures, rather than to reimbursement of all amounts it paid under the Insurance Policy.

Section 4.02(a)(3) of the PSA provides that Assured will receive distribution "up to the Aggregate Certificate Insurer Reimbursement ['CIR'] Amount" as the third step in the order of distribution described in Section 4.02. The Aggregate CIR Amount, in turn, is defined by Section 1.01 of the PSA as "the sum of the Class 1–A–3 [CIR] Amount, the Class 2–A–3 [CIR] Amount and the Class 4–A–2 [CIR] Amount." The CIR Amount of each of those three certificate classes is "any amount owing to [Assured] under Section 4.02 or 4.07 for reimbursement, with interest, for claims paid ... under the ... Insurance Policy...." Under the Insurance Policy, Assured "shall be subrogated to the rights of each [certificate holder] to receive distributions with respect to each Certificate held by such Holder." Thus, these contract provisions by their plain meaning provide Assured only with subrogation rights in the certificates it insures.

We find unpersuasive Assured's argument that it is entitled to reimbursement of any and all claims it paid out under the Insurance Policy as such an interpretation is not supported by the plain language of the PSA, and moreover, it would render meaningless several other provisions of

** The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

the PSA, as the district court observed in its memorandum and order. *See RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir.2003) (per curiam) (under New York law, courts "consider the entire contract to safeguard against adopting an interpretation that would render any individual provision superfluous" (citation and internal quotation marks omitted)).

We have considered all of Assured's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.